■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW COLON, Appellant. [843 NYS2d 205]—

Judgment, Supreme Court, Bronx County (John A. Barone, J.), rendered February 4, 2004, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

The court properly exercised its discretion in precluding defendant from cross-examining the arresting officers about alleged prior bad acts, where the source of defendant's information about such acts was mere rumor. Accordingly, defendant lacked a good faith basis for such inquiry (*see People v Schwartzman*, 24 NY2d 241, 244 [1969], *cert denied* 396 US 846 [1969]). We note that the court provided defendant with an ample opportunity to delve into the officers' police disciplinary histories. Since defendant did not assert a constitutional right to make the excluded inquiries, his constitutional argument is unpreserved (*see People v Angelo*, 88 NY2d 217, 222 [1996]; *People v Gonzalez*, 54 NY2d 729 [1981]), and we decline to review it in the interest of justice. Were we to review this claim, we would find no violation of defendant's right to confront witnesses and present a defense (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]; *Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]).

The challenged portions of the prosecutor's summation did not deprive defendant of a fair trial, and the court properly exercised its discretion in denying defendant's mistrial motion (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). The court's curative actions were sufficient to prevent any improprieties in the summation from causing any prejudice. Concur—Lippman, P.J., Mazzarelli, Sullivan, Nardelli and Sweeny, JJ.